■ Louis D. Cocchi, Appellant, v National Union Fire Insurance Company of Pittsburgh, Pa., Respondent.—In an action, *inter alia,* for a judgment declaring the plaintiff's rights under an insurance policy, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 13, 1988, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the amount of legal fees, costs and disbursements to which the plaintiff is entitled, and entry of a judgment declaring that the defendant is obligated to provide a defense for the plaintiff in an underlying action entitled *Incorporated Vil. of Malverne v Simmonds,* pending in the Supreme Court, Nassau County, and, in the event that it is determined in that underlying action that the plaintiff's conduct was not willful, to indemnify him for any liability imposed upon him in that underlying action.

The Incorporated Village of Malverne commenced an action against the plaintiff Louis D. Cocchi, alleging that, in his capacity as Mayor of the Incorporated Village of Malverne, he, *inter alia,* "expressly consented, authorized, and unlawfully directed" that salary increases authorized by the Board of Trustees be paid to the clerk-treasurer of the village, and that he "knew or should have known" that such salary increases were not legally authorized or appropriated in accordance with the law.

Cocchi made a claim against the defendant National Union Fire Insurance Company of Pittsburgh, Pa., the carrier which provided "public officials' and employees' liability insurance"

coverage to the village, seeking to have the carrier "defend and/or indemnify" him with respect to the action brought against him. The carrier denied coverage, stating that certain policy exclusions relieved it of the obligation to defend or indemnify.

Cocchi then commenced the instant action, and thereafter moved for summary judgment to compel the carrier to "defend and/or indemnify" him, and to recover damages for legal fees, costs, and disbursements as a result of the carrier's refusal to defend. The Supreme Court denied the motion, stating: "Whether or not the plaintiff is entitled to be defended and indemnified under the terms of the relevant policy, present triable issues of fact which cannot be resolved on the papers submitted and must await plenary disposition".

We disagree. "It is well settled that insurance policies, drawn as they are by the insurer, are to be liberally construed in favor of the insured" (*Vinocur's Inc. v CNA Ins. Cos.*, 132 AD2d 543, 544; *Powers Chemco v Federal Ins. Co.*, 74 NY2d 910). Moreover, it is well established that the duty to defend insureds is broader than the duty to indemnify (*see, Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66). The policy here provides that "the company will pay on behalf of the Insureds all Loss which the Insureds shall be legally obligated to pay for any civil claim or claims first made against them *because* of a Wrongful Act" (emphasis supplied). "[W]hen [as here] an exclusion clause is relied upon to deny coverage, the insurer has the burden of demonstrating that the 'allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation' (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325)" (*Technicon Elecs. Corp. v American Home Assur. Co.*, supra, at 73-74; *see also, Vinocur's Inc. v CNA Ins. Cos.*, supra, at 543, 544).

In support of its attempt to deny coverage to Cocchi, the carrier relies upon the following exclusions:

"The Company shall not be liable to make any payment of Loss in connection with any claim * * *

"B. brought about or contributed to by the dishonesty of the Insureds, however, notwithstanding the foregoing, the Insureds shall be protected under the terms of this policy as to any claims upon which suit is brought against them by reason of any alleged dishonesty on the part of the Insureds, unless a judgment or other final adjudication thereof adverse to the

Insureds shall establish that acts of active and deliberate dishonesty committed by the Insureds with actual dishonest purpose and intent were material to the cause of action so adjudicated * * *

"E. for loss, damage to or destruction of any tangible property or the loss of use thereof by reason of the foregoing * * *

"J. arising from the willful violation of any statute, ordinance or regulation committed by or with the knowledge or consent of any Insured * * *

"L. arising from the Insured's activities in a fiduciary capacity as respects to any employee benefit plan".

The carrier has failed to establish that the allegations of the complaint against Cocchi fall solely within the exclusions of the policy. The complaint does not allege dishonesty against Cocchi, and so the carrier may not rely upon exclusions B and E. With respect to exclusion L, the salary increase alleged to have been improperly authorized does not constitute an "employee benefit plan". Nor does exclusion J serve to relieve the carrier of the duty to provide a defense. The very purpose of the policy is to protect village officials, including Cocchi, from claims against them alleging wrongful conduct. The carrier's interpretation would go a long way toward having this exclusion devour the coverage. The complaint in the underlying action against Cocchi does not exclusively allege that he engaged in a "willful violation" of any statute. Rather, the complaint pleads in the disjunctive, in asserting that Cocchi knew *or* should have known that his actions were illegal. It is settled that "[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" *(Technicon Elecs. Corp. v American Home Assur. Co., supra,* at 73; *see also, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298; *American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 277 [if "various grounds are alleged, some within and some without the coverage of the policy, the insurer is bound to undertake the defense of the action on behalf of its assured"]). Thus, "[t]he insurer's duty to defend extends to any action in which facts alleged are within the coverage afforded by the policy, whether or not the insurer turns out ultimately to be liable for any judgment rendered" *(Mendes & Mount v American Home Assur. Co.,* 97 AD2d 384, 385; *see also, Spodek v Liberty Mut. Ins Co.,* 155 AD2d 439). Accordingly, the character of Cocchi's actions must be determined by the fact finder in the underlying action, and he is entitled to summary

judgment directing the carrier to provide a defense for him. In the event that it is determined in the underlying action that the plaintiff's conduct was not willful, the defendant must indemnify him for any liability imposed upon him in that underlying action.

Cocchi is entitled to recover legal fees, costs, and disbursements thus far expended by him for his defense. However, on this record, we cannot determine the amount of reimbursement to which he is entitled. Thus, the matter is remitted to the Supreme Court, Nassau County, for an inquest. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.