(January 16, 1990)

■ AFA PROTECTIVE SYSTEMS INC. et al., Appellants, v ATLANTIC MUTUAL INSURANCE COMPANY, Respondent.—In an action, *inter alia,* for a judgment declaring the rights of the plaintiffs AFA Protective Systems Inc., and Automatic Fire Alarm Company, Inc., under a contract of liability insurance issued by the defendant, the plaintiffs appeal from so much of

an order of the Supreme Court, Nassau County (Robbins, J.), entered June 1, 1989, as denied their motion for summary judgment.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof which denied those branches of the motion on behalf of the plaintiff AFA Protective Systems Inc., which were for summary judgment and for reimbursement of legal fees and substituting therefor (1) a provision granting those branches of the motion which were (a) for summary judgment declaring that the defendant was obligated to defend and indemnify the plaintiff AFA Protective Systems Inc., under the contract, in connection with the third-party action instituted against it by Honeywell, Inc., pending in the Supreme Court, Monroe County; and (b) for reimbursement of legal fees incurred by the plaintiff AFA Protective Systems Inc., in connection with that litigation; and (2) a provision denying that branch of the motion which was for reimbursement of legal fees incurred by the plaintiff AFA Protective Systems Inc., in connection with the prosecution of this declaratory judgment action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing and determination on the issue of the reimbursement of legal fees incurred by the plaintiff AFA Protective Systems Inc., and payable by the defendant, and, thereafter, for the entry of an appropriate judgment in accordance herewith.

The plaintiffs AFA Protective Systems Inc. (hereinafter AFA) and Automatic Fire Alarm Company, Inc. (hereinafter Automatic) designed and arranged for the manufacture, through AVCO, Inc. (hereinafter AVCO), of central station machinery, known as Centrak, which was equipment used for monitoring alarm systems. The Centrak equipment was used by Honeywell, Inc. (hereinafter Honeywell) to monitor an alarm system which Honeywell had installed at the premises owned by Arell's Fine Jewelers, Inc. (hereinafter Arell) in Rochester, New York. As a result of a burglary at its premises, Arell commenced an action against Honeywell, and Honeywell commenced a third-party action against Automatic and AVCO and a second third-party action against AFA. In addition, Arell commenced an action against Automatic and AVCO.

The defendant Atlantic Mutual Insurance Company issued a liability insurance policy to AFA "and/or subsidiary, organization or company, including subsidiaries of a subsidiary com-

pany, owned, controlled or coming under the active management of AFA". The plaintiffs' request that the defendant defend and indemnify them with respect to the actions by Arell and the third-party action by Honeywell was denied on the grounds that the policy did not insure Automatic and that in any event, endorsements 6 and 7 of the policy, in relevant part, excluded coverage for liability arising out of the failure of any alarm system or installation to perform for the purpose for which it was intended and for property damage resulting from any act or omission on the part of any guard or security system employed by the insured. The plaintiffs then commenced this action for declaratory relief and reimbursement of legal fees, claiming that the defendant had wrongfully disclaimed coverage. After service of the defendant's answer, the plaintiffs moved for summary judgment, and the defendant cross-moved for summary judgment. The Supreme Court denied both the motion and cross motion, stating that the plaintiffs had failed to offer sufficient proof to establish, as a matter of law, that Automatic was a covered entity under the insurance policy and it could not be determined, as a matter of law, whether the alleged acts or omissions set forth in the pleadings in the Arell actions and the Honeywell third-party action fell within the exclusionary provision set forth in endorsement 6 of the policy and the court ordered a trial on the issues. This appeal by the plaintiffs ensued.

We find that the defendant insurance company failed to establish that it was entitled to disclaim coverage on the basis of endorsements 6 and 7 in the policy. As to endorsement 7, it is undisputed that the complaints in the Arell actions and the Honeywell third-party action do not seek recovery for property damage resulting from any act or omission on the part of any guard or security system employed by the insured. Further, we agree with the Supreme Court that the defendant did not prove, as a matter of law, that the allegations in the Arell actions and the Honeywell third-party action fell within the exclusion found in endorsement 6. However, it is axiomatic that "ambiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause" (*Breed v Insurance Co.*, 46 NY2d 351, 353; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356). Moreover, "[t]he burden of proving that a claim falls within the exclusions of an insurance policy rests with the insurer" (*Neuwirth v Blue Cross & Blue Shield*, 62 NY2d 718, 719). In addition to designing and arranging for the manufacture of the Centrak equipment, AFA also installs alarm systems for

some of its customers. It is claimed by AFA, and is not disputed by the defendant, that exclusion 6 in the policy related to the installation and operation of its alarm systems and not to the Centrak equipment designed by AFA and manufactured for it by AVCO. Since any ambiguity must be resolved in favor of the insured and it cannot be concluded that the Centrak equipment in question falls within exclusion 6 involving an alarm system or installation, the defendant did not meet its burden of proof.

Accordingly, AFA, which is a named insured, is entitled to summary judgment directing the defendant to defend and indemnify it with respect to the third-party action instituted by Honeywell, Inc., pending in the Supreme Court, Monroe County. In addition, AFA is entitled to recover its legal fees thus far expended by it for its defense. Since the papers are insufficient to determine this issue, the matter must be remitted to the Supreme Court, Nassau County, for an inquest *(see, Cocchi v National Union Free Ins. Co.,* 156 AD2d 535; *Grimsey v Lawyers Tit. Ins. Corp.,* 31 NY2d 953, 955). However, AFA is not entitled to reimbursement for legal fees incurred in connection with the prosecution of this declaratory judgment action *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Johnson v General Mut. Ins. Co.,* 24 NY2d 42, 50).

With respect to Automatic, we agree with the Supreme Court that the conclusory assertion in the affidavit of Robert Kleinman, executive vice-president and general counsel of AFA, that Automatic was a subsidiary of AFA was insufficient to establish, as a matter of law, that Automatic was an entity covered by the defendant's insurance policy *(see, Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550). Therefore, the Supreme Court properly directed a trial on the issue of Automatic's status as an insured. In the event it is determined that Automatic is an insured, then it would be entitled to summary judgment directing the defendant to defend and indemnify it with respect to the Arell actions and the Honeywell third-party action and to recover its legal fees thus far expended by it for its defenses in those actions after an inquest on this latter issue. However, as noted with respect to AFA, Automatic would not be entitled to reimbursement for legal fees in connection with the prosecution of this declaratory judgment action.

The matter must be remitted to the Supreme Court, Nassau County, (1) for an evidentiary hearing and determination on the issue of the reimbursement of legal fees incurred by the plaintiff AFA Protective Systems Inc., and payable by the

defendant; and (2) for the entry of an appropriate judgment declaring that the defendant Atlantic Mutual Insurance Company is obligated to (a) defend and indemnify the plaintiff AFA Protective Systems Inc., in connection with the third-party action instituted against it by Honeywell, Inc., pending in the Supreme Court, Monroe County, and (b) reimburse the plaintiff AFA Protective Systems Inc., for legal fees incurred in connection with that litigation. Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.