■ JUDITH L. LADNER, Appellant, v AMERICAN HOME ASSURANCE COMPANY, Respondent. [607 NYS2d 296] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered March 5, 1993, which denied plaintiff's motion for, *inter alia,* a preliminary injunction enjoining defendant from hiring counsel of its choice to represent her and directing defendant to pay reasonable legal fees of counsel of plaintiff's choice, unanimously reversed, on the law, the motion granted to the extent it sought the aforesaid injunction and the matter remanded for consideration of that part of the motion which sought attorney's fees in this action and appeal, without costs.

This action arises out of a separate action for professional malpractice brought against plaintiff Judith Ladner, a practicing psychologist. In their complaint, plaintiffs in that action alleged that Ladner had engaged in professional malpractice which included various acts of sexual misconduct as well as such behaviors as the "isolation" of her patient from interaction with other persons, the failure to follow an appropriate course of treatment, the manipulation of her patient for her own purposes, the mishandling of transference and countertransference, the causing of damage to her patient's other relationships, the failure to properly evaluate her patient's condition, the failure to properly test, and the failure to properly prescribe treatment.

Defendant herein is Ladner's malpractice insurer by way of a policy which provides for general liability coverage of $1,000,000 but for a coverage limit of $25,000 for any claims involving "erotic physical contact." In addition, the policy provides that, "in the event any of the foregoing [i.e., claims of 'erotic physical contact'] are alleged at any time, either in a complaint, during discovery, at trial or otherwise, any and all causes of action alleged and arising out of the same or related courses of professional treatment and/or relationship shall be subject to the aforesaid $25,000 aggregate limit of liability and to all other provisions of this clause."

Pursuant to the policy provision requiring defendant in-

surer to defend plaintiff, defendant hired counsel on her behalf. However, shortly after counsel was assigned to her case, plaintiff concluded that there was a conflict of interest between her and defendant since the policy provisions governing claims of sexual misconduct would make it advantageous for defendant to have all the claims against her linked to sexual misconduct so as to make them subject to the $25,000 limitation. She thereupon commenced the instant action for a permanent injunction enjoining defendant from hiring counsel of its choice to represent her and also directing defendant to pay reasonable legal fees for counsel of her choice and moved for a preliminary injunction.

In support of her argument that she is entitled to such relief, plaintiff contends that a potential conflict has already arisen and that the actions of counsel retained by defendant on her behalf have unfairly prejudiced her. This argument is based on the fact that, subsequent to the filing of the original malpractice complaint, the plaintiffs in that action, who had apparently retained new counsel, filed a new complaint which made no reference to any sexual misconduct on plaintiff's part and alleged professional malpractice in more general terms. The counsel hired by defendant insurer on plaintiff's behalf subsequently entered into a stipulation providing that this second complaint would be withdrawn and that the action would proceed based on the original complaint, which contained the allegations of sexual misconduct.

The IAS Court denied a preliminary injunction on the ground that plaintiff was unlikely to succeed on the merits on her claim that there was a conflict of interest. The court based its decision on the very broad wording of the policy, which applies the $25,000 limitation to any claim arising out of a course of treatment related to the treatment during which the sexual misconduct took place. Since the malpractice claims initially brought were all alleged to have arisen from the same course of treatment and were therefore all sufficiently linked to the alleged sexual misconduct to be subject to the limitation, the court reasoned that counsel employed by defendant could have no reason to encourage a finding of liability on allegations of sexual misconduct rather than to vigorously contest any finding of malpractice at all. As to counsel's actions in stipulating to the withdrawal of the second complaint, the court found that counsel's actions could not have prejudiced plaintiff since the coverage limitation was not restricted to situations in which the allegations of sexual misconduct were made in the complaint itself. Thus, since

such allegations could be included in the bill of particulars or made during discovery, the limitation would be applicable regardless of whether the action proceeded under the first or second complaint.

We find that the IAS Court erred, and that a potential conflict of interest does in fact exist rendering plaintiff's representation by an attorney employed by defendant improper.

When a conflict of interest exists between an insured and the insurer which is obligated to defend, the remedy is to permit the insured to select defense counsel, with the reasonable cost of the defense to be borne by the insurer *(Prashker v United States Guar. Co.,* 1 NY2d 584, 593; *Major Bldrs. Corp. v Commercial Union Ins. Co.,* 155 AD2d 267). In this case, while the clause in the policy limiting coverage for claims which arise from the same course of treatment as claims of alleged sexual misconduct is broadly worded, even defendant does not argue that it is so broad as to apply if the allegations of sexual misconduct are ultimately found by a trier of fact to be untrue. Thus, for example, counsel for plaintiff could conceivably decide that the best defense would be to argue that, as a factual matter, the allegations of sexual misconduct were untrue, while less vigorously contesting the allegations of other types of malpractice. Such an outcome could be beneficial to plaintiff, since any damages arising out of the malpractice would in that case be subject only to the $1,000,000 limit, but for the same reason would not be beneficial to defendant. Clearly, such tactical decisions should be in the hands of an attorney whose loyalty to plaintiff is unquestioned and not an attorney employed by defendant with a potential for a conflict of interest.

For these reasons, we find that plaintiff has demonstrated a likelihood of success on the merits. Moreover, it is clear that plaintiff has established that the equities are in her favor and that she faces the potential for irreparable harm in the prospect of representation by an attorney not fully committed to her defense in an action involving allegations of reprehensible conduct reflecting grievously on her professional reputation. Under these circumstances, plaintiff is entitled to a preliminary injunction pursuant to CPLR 6301 enjoining defendant from selecting counsel to represent her in the underlying litigation and directing defendant to pay the reasonable legal fees of counsel of her choice. Concur—Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ. [As amended by unpublished order entered May 12, 1994.]