[660 NYS2d 220]

Nelson Electrical Contracting Corporation, Respondent, v Transcontinental Insurance Company, Appellant.

Third Department, July 31, 1997

### APPEARANCES OF COUNSEL

*Sugarman, Wallace, Manheim & Schoenwald,* Syracuse *(Timothy J. Perry* of counsel), for appellant.

*O'Connor, Gacioch, Pope & Tait, L. L. P.,* Binghamton *(Hugh B. Leonard* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

Plaintiff entered into a contract with Pyramid Company of Onondaga to provide electrical contracting services in connection with the construction of Carousel Mall in the City of Syracuse, Onondaga County. During construction of the mall, three workers, Richard Lovenduski, Barry Walsh and Joseph Bright, were injured at the work site. Each brought suit against Pyramid, which, in turn, cross-claimed or commenced a third-party action against plaintiff, seeking to recover on grounds of common-law and contractual indemnification and contribution. In addition, in the Lovenduski and Walsh actions, Pyramid, in its third-party complaint, asserted a breach of contract claim against plaintiff for failing to name Pyramid as an additional insured on its general liability policy, procured from defendant. When Pyramid was denied leave to amend its cross claim in the Bright litigation to add such a cause of action, it informed plaintiff that it would continue to press the breach of contract claim in a separate lawsuit.

It is undisputed that the indemnification and contribution claims asserted by Pyramid are covered under plaintiff's li-

ability policy and that the breach of contract claims are not. Hence, while it is in defendant's interest to demonstrate that Pyramid is partially or entirely at fault for the accidents, and in so doing to limit Pyramid's recovery on the covered claims, this would increase the amount of damages for which plaintiff might be held liable on the uncovered, breach of contract claim. Recognizing that the interests of its insured are at odds with its own in this respect, defendant permitted plaintiff to select its own counsel to defend against Pyramid's allegations, at defendant's expense (see, *Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401; *Wiley v New York Cent. Mut. Fire Ins. Co.*, 210 AD2d 829, 830).

Prior to trial in the Bright action, Pyramid moved for summary judgment on its common-law and contractual indemnification claims against plaintiff. Plaintiff's counsel, who was of the opinion that the best approach to defending that action would be for Pyramid and plaintiff to work together to defeat the injured parties' claims, rather than trying to "point fingers" at each other (and in so doing, run the risk of indirectly proving the injured parties' case for them), determined that this goal would be best served by not opposing Pyramid's motion.

Moreover, to defeat the motion, plaintiff would have had to present evidence that Pyramid bore some of the liability for the accident. While this would have advanced defendant's interests, by reducing or eliminating Pyramid's possible recovery on the covered claims, it would have done so at plaintiff's expense, by shifting its potential liability to the uncovered breach of contract claim. Consequently, although he was urged to do otherwise by defendant, plaintiff's counsel did not oppose Pyramid's motion and it was granted.

Defendant thereafter disclaimed coverage, and advised that it would no longer pay for plaintiff's defense in the Bright action, because plaintiff had breached the policy conditions requiring that it cooperate in the defense of claims or lawsuits and refrain from assuming any obligation without defendant's consent. Plaintiff then commenced this suit seeking a declaration that defendant is obliged to defend and indemnify it in the underlying action. Plaintiff's motion for summary judgment having been granted, defendant appeals.

We affirm. Where, as here, the interests of the insured are at odds with those of its insurer, the former is entitled to select independent counsel to conduct the defense so that, *inter alia*, tactical decisions will "be in the hands of an attorney whose

loyalty to [the insured] is unquestioned" (*Ladner v American Home Assur. Co.*, 201 AD2d 302, 304). Inherent in this rule is the axiom that when such a conflict exists, the interests of the insured are paramount (*see*, *Feliberty v Damon*, 72 NY2d 112, 120). To hold, as defendant urges, that counsel, having been employed for the very purpose of safeguarding the interests of the insured, must nonetheless obtain the insurer's consent before pursuing a course of action tailored to serve that end, or risk a loss of coverage for "failure to cooperate", would be untenable; it would effectively enable the insurer to take control of the defense and subordinate the insured's interests to its own. This would not only defeat the purpose of assigning independent counsel, it would pose an ethical dilemma for the insured's attorney, who, being bound to "exercise professional judgment solely on behalf of the client * * * disregard[ing] the desires of others that might impair the lawyer's free judgment" (Code of Professional Responsibility EC 5-21), cannot permit the insurer "to direct or regulate his or her professional judgment in rendering such legal services" (Code of Professional Responsibility DR 5-107 [B] [22 NYCRR 1200.26 (b)]; *see*, *Feliberty v Damon*, *supra*, at 120).

And, though the insured is contractually precluded from settling a case, or otherwise assuming an obligation, without the consent of the insurance company, these limitations cannot be construed so broadly as to prohibit the insured's counsel from making tactical decisions, such as those at issue here, which are part of a reasonable litigation strategy intended to decrease the likelihood of liability on the part of the insured. Inasmuch as the decision to refrain from opposing Pyramid's motion may inure to the benefit of plaintiff, and result in the avoidance of liability on its part—and perhaps defendant's as well—that action cannot be said to constitute the assumption of an obligation.

MIKOLL, J. P., CREW III, WHITE and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.