■ SALVATORE R. BELTRONE, Individually and as a Partner in GENERAL SCHUYLER & COMPANY, Appellant, v GENERAL SCHUYLER & COMPANY et al., Defendants, and RONALD KROLICK, Respondent. [675 NYS2d 198] —White, J. Appeal from that part of an order of the Supreme Court (Keegan, J.), entered May 2, 1997 in Albany County, which granted defendant Ronald Krolick's cross motion for partial summary judgment dismissing plaintiff's third and fifth causes of action.

The relevant facts underlying this appeal can be found in our previous decision wherein we held, *inter alia,* that plaintiff's causes of action for fraud and breach of fiduciary duty were insufficient insofar as they related to defendant Garrett DeGraff (hereinafter the DeGraff appeal; 223 AD2d 938). Following our decision, defendant Ronald Krolick moved, pursuant to CPLR 3211 (a) (7), for an order dismissing the aforementioned causes of action asserted against him. Supreme Court granted the motion, finding that it was compelled to do so under the "law of the case" doctrine. Plaintiff appeals.

We agree with Supreme Court's dismissal of the fraud cause of action in light of our determination in the DeGraff appeal that Krolik's statements and representations allegedly made to plaintiff were insufficient to support a fraud cause of action (*id.,* at 941). We reach a different conclusion, however, with respect to the breach of fiduciary duty cause of action.

Initially, our consideration of this cause of action is not precluded by the "law of the case" doctrine because in the DeGraff appeal we did not actually resolve on the merits the is-

sue of whether such cause of action was sufficiently pleaded against Krolik (*see, Mulder v Donaldson, Lufkin & Jenrette,* 224 AD2d 125, 131; *Locilento v Coleman Catholic High School,* 134 AD2d 39, 43).

Our analysis of plaintiff's complaint starts with the recognition that an attorney stands in a fiduciary relationship to the client which relationship is imbued with ultimate trust and confidence that imposes a set of special and unique duties, such as maintaining confidentiality, avoiding conflicts of interest, safeguarding client property and honoring the client's interest over that of the attorney (*see, Graubard Mollen Dannett & Horowitz v Moskovitz,* 86 NY2d 112, 118; *Matter of Cooperman,* 83 NY2d 465, 472). Thus, where an attorney enters into a business relationship with a client while also acting as the client's attorney with respect to the relationship, the attorney must fully and fairly inform the client of the consequences of any action taken in furtherance of the relationship and certainly may not exploit the client's trust for his or her own benefit (*see, Greene v Greene,* 56 NY2d 86, 92-93; *see also,* Code of Professional Responsibility DR 5-104 [A] [22 NYCRR 1200.23 (a)]).

With this background, we examine plaintiff's complaint. A fair reading of its allegations as amplified by the bill of particulars[1] (*see, Nader v General Motors Corp.,* 25 NY2d 560, 565; *Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, 164, *lv dismissed* 91 NY2d 848, *cert denied* 522 US 967) shows that, after Krolick proposed the partnership to plaintiff in 1985, plaintiff had frequent sessions in person and telephonically with Krolick who provided legal advice and made a number of representations to plaintiff, including the nonnecessity of obtaining his own legal counsel, without fully advising plaintiff of the consequences of the various transactions the partnership undertook. Ultimately, plaintiff was required to personally pay a partnership obligation of approximately $5.5 million. We are obliged to accept these allegations as true and afford them a liberal interpretation along with giving the plaintiff the benefit of every favorable inference (*see, Leon v Martinez,* 84 NY2d 83, 87). In addition, since an action for breach of fiduciary duty is a special type of case that is designed to remove all incentive to breach (*see, Milbank, Tweed, Hadley & McCloy v Boon,* 13 F3d 537, 543), we find that the allegations sufficiently set forth a cause of action for breach of fiduciary duty. Our determination is not affected by the contention

---

1. Plaintiff's bill of particulars was submitted in response to the demand of defendants Harold Dubroff and Steven Porter.

that plaintiff is a sophisticated businessperson since Krolick was still required to obtain plaintiff's consent after full disclosure before entering into a business transaction with him (*see*, *Schlanger v Flaton*, 218 AD2d 597, 602, *lv denied* 87 NY2d 812). It is also consistent with our determination of the De-Graff appeal since defendant K.D. Norwood & Co./1985 was controlled by Krolick[2] and DeGraff had no direct involvement with plaintiff. Accordingly, we shall reverse so much of Supreme Court's order as dismissed the cause of action for breach of fiduciary duty insofar as it pertains to Krolick.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Ronald Krolick's motion dismissing the fifth cause of action; motion denied regarding said cause of action; and, as so modified, affirmed.

---

2. *See*, paragraph 7 of partnership agreement of K.D. Norwood & Co./ 1985.