**U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff,**

v.

**TNP TRUCKING INC., Philip Lagrana, Inc., Queens Surface Group, I.F.D. Construction Corp., Rudradave Sharma, and Eagle Insurance Company, Defendants.**

No. Civ.A. CV–97–4097(DGT).

United States District Court, E.D. New York.

April 14, 1999.

**490**

Jordan Sklar, Thurm & Heller, LLP, New York City, for plaintiff U.S. Underwriters.

Evan S. Schwartz, Quadrino & Schwartz, P.C., Garden City, NY, for defendant TNP.

Mitchell D. Kessler, New York City, for defendant Sharma.

Stuart M. Herz, Garden City, NY, for defendant Eagle Insurance.

## MEMORANDUM AND ORDER

TRAGER, District Judge.

U.S. Underwriters Insurance Company ("U.S.Underwriters") commenced a declaratory judgment action against TNP Trucking, Inc. ("TNP"), seeking a declaration that it has no obligation to defend or indemnify TNP in connection with a personal injury action pending in New York State Supreme Court. The state action charges TNP with negligence. While disclaiming any obligation to defend or indemnify TNP, U.S. Underwriters provided a defense for TNP under a reservation of rights and hired defense counsel on TNP's behalf to defend the underlying action.

TNP now requests the right to have the counsel presently representing it in this declaratory disclaimer action represent it in the underlying negligence cause of action. TNP also requests that U.S. Underwriters be ordered to pay the reasonable costs incurred by TNP's defense counsel of choice. U.S. Underwriters opposes both requests.

TNP cites a number of New York cases in support of its position. *See Prashker v. United States Guarantee Co.,* 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956); *Public Serv. Mutual Ins. Co. v. Goldfarb,* 53 N.Y.2d 392, 442 N.Y.S.2d 422, 425 N.E.2d 810 (1981); *Baron v. Home Ins. Co.,* 112 A.D.2d 391, 492 N.Y.S.2d 50 (2d Dept.1985); *69th Street Garage Assocs., L.P. v. Ticor Title Guarantee Co.,* 207 A.D.2d 225, 622 N.Y.S.2d 13 (1st Dept. 1995); *Ladner v. Am. Home Assurance Co.,* 201 A.D.2d 302, 607 N.Y.S.2d 296 (1st Dept.1994); *Major Builders Corp. v. Commercial Union Ins. Co.,* 155 A.D.2d 267, 546 N.Y.S.2d 866 (1st Dept.1989); *Nelson Electrical Contracting Corp. v. Transcontinental Ins. Co.,* 231 A.D.2d 207, 660 N.Y.S.2d 220 (3d Dept.1997). These cases all involve fact patterns where some allegations of the underlying complaint would trigger coverage, and others would negate coverage. In such cases, the conflict of

interests between the insured and the insurer is readily apparent; the attorney's potential or actual conflict of interest is evident in the sense that whether coverage existed under one or more causes of action could depend upon how the facts were developed or argued by counsel.

But it is not evident that the cited cases are on point here because neither party has taken the trouble to give even a partial account of the underlying accident. TNP has not offered any factual scenario under which there might be a potential conflict of interest. While U.S. Underwriters has alleged several reasons for disclaiming coverage,[1] it, too, has failed to offer an account of how the accident happened. Nothing in the reservation of rights letter indicates a possible conflict. The letter simply denies coverage on any basis. Thus, at this point, it cannot be discerned how the insured's present counsel in the underlying action has any conflict of interest similar to that present in the cited cases.

■ It seems that TNP is arguing for a rule that a disclaimer, itself, creates the conflict of interest. TNP argues that if an insurer controls the litigation, counsel selected by the insurer always has every incentive to develop the facts in such a way that it would reduce the risk of the insurer's exposure. To follow the logic of TNP, however, it would equally follow that counsel chosen by the insured—who presumably would have no obligation of loyalty to the insurer—would have every incentive to develop, or even admit to, facts which might result in liability for the insured in the underlying action, so long as the admitted facts at the same time placed the insured within the ambit of the insurance coverage. Although, in such a case, the carrier, as a non-party or non-participant in the underlying action, would not be bound by the actions of counsel chosen by the insured, the possibility of substantial prejudice to the carrier surely exists.

■ While California law appears to support a position similar to the one being urged by TNP, *see McGee v. Superior Court (Pedersen)*, 176 Cal.App.3d 221, 221 Cal.Rptr. 421 (4th Dist.1985) (conflict of interests exists whenever insurer disclaims coverage and a determination of coverage depends upon the nature of the insured's conduct as developed at trial), the more appropriate resolution of this issue was stated by the Sixth Circuit interpreting Arizona law in *Insurance Co. of North Am. v. Forty-Eight Insulations, Inc.*, 633 F.2d 1212 (6th Cir.1980), where the Court noted that:

> Forty-Eight [the insured] raises the spectre of a conflict of interest between the insurers and Forty-Eight, since the insurance company would have an interest in minimizing the amount of exposure during its policy period and maximizing that of the manufacturer for those periods that the latter was self-insured. We cannot agree that this is a significant problem in light of an attorney's duty to protect the interest of the insured.

*Id.* at 1225 n. 25 (citing *Parsons v. Continental Nat'l. Am. Group*, 113 Ariz. 223, 550 P.2d 94 (1976)). Here, too, TNP's argument ignores the ethical obligations that, under New York law, counsel chosen by the insurer has to the insured not to take actions which would, in effect, leave the insured exposed to liability for the sake of preventing exposure of the insurer to liability. *See Nelson*, 231 A.D.2d at 210, 660 N.Y.S.2d at 222 (Insured's attorney is bound to " 'exercise professional judgment

---

1. U.S. Underwriters asserts that: the relevant policy did not provide coverage for accidents occurring on the premises involved in the underlying accident; the relevant policy provided coverage only for "private parking," while the allegations of negligence involve a construction site accident; the relevant policy contains an independent contractors exclusion, and the acts at issue may have involved an independent contractor; the allegations of negligence arose out of the use of a dump truck, and injury or damage caused by a motor vehicle is not covered under the policy.

solely on behalf of the client ... disregard[ing] the desires of others that might impair the lawyer's free judgment;'" an insured's attorney cannot permit the insurer "'to direct or regulate his or her professional judgment in rendering such legal services.'") (quoting N.Y.Code of Prof'l Responsibility EC 5–21; *id.* at DR 5–107[B], 22 N.Y.C.R.R. 1200.26(b)). Accordingly, it will not be assumed that present counsel for TNP in the underlying action will defend in a manner that prejudices TNP to the benefit of U.S. Underwriters. Should counsel chosen by the carrier behave in such a manner, they will be exposing themselves not only to charges of professional misconduct, but to a claim for monetary damages as well.

U.S. Underwriters also claims that to require it to provide independent counsel for TNP here, absent a specific showing of actual or potential conflict of interest, would set a precedent which would create "turmoil" in the insurance industry by denying insurers who provide representation under a reservation of rights the opportunity to choose counsel in the underlying action. Pl. Letter, dated 2/19/99. I am unable to assess the accuracy of this prediction, but it appears to be a bit of an overstatement.

■ "As a general rule, when an insurance company has a duty to defend its insured, it also has the right to control the litigation and to select the counsel it wishes to handle the insured's defense." *Mount Vernon Fire Ins. Co. v. J.J.C. Stucco & Carpentry Corp.,* No. 95–CV–5202, 1997 WL 177864, at *3 (E.D.N.Y. April 3, 1997) (citing *Parker v. Agric. Ins. Co.,* 109 Misc.2d 678, 681, 440 N.Y.S.2d 964, 967 (N.Y.Sup.Ct.1981)). However, where there has been a disclaimer, the general rule does not apply. Thus, U.S. Underwriters' argument disregards the rule that an insured is not required to accept a carrier's chosen counsel under a reservation of rights. The insured may refuse a defense offered with that limitation and demand an unqualified representation, i.e.,

coverage. If the carrier persists in its position, the insured is free to take over the defense of the underlying action at its own expense with the right to recover reasonable counsel fees for defending not only the underlying negligence action, but also the disclaimer action, should it subsequently be determined that the insurer's disclaimer of coverage was erroneous. *See Cunniff v. Westfield,* 829 F.Supp. 55, 58 (E.D.N.Y.1993) (insured forced to defend action due to insurer's wrongful refusal to provide a defense is entitled to recover reasonable attorney's fees incurred in defense) (citing *United States Fidelity and Guar. Co. v. Copfer,* 48 N.Y.2d 871, 873, 424 N.Y.S.2d 356, 357, 400 N.E.2d 298 (1979); *AFA Protective Systems, Inc. v. Atlantic Mut. Ins. Co.,* 157 A.D.2d 683, 549 N.Y.S.2d 783 (2d Dept.1990)). *See also GA Ins. Co. of New York v. Naimberg Realty Assocs.,* 233 A.D.2d 363, 365, 650 N.Y.S.2d 246, 248 (2d Dept.1996) (insured cast in defensive position as result of insurer's disclaimer action entitled to award of reasonable costs and attorney's fees incurred in defending declaratory judgment action); *Barry v. Romanosky,* 147 A.D.2d 605, 606–07, 538 N.Y.S.2d 14, 16 (2d Dept. 1989) (same).

From the perspective of the insured, the picture is also murky. While not being required to accept the insurer's choice of counsel—where the insurer asserts a reservation of rights—might, at first blush, appear to be advantageous to the insured, that view ignores certain countervailing realities. Just as the insured is not required to accept the insurer's representation under a reservation of rights, the insurer is not obligated to advance the payment of legal fees. Faced with the necessity of allowing the insured to pick counsel, the insurer may well take the position that a court will ultimately uphold the correctness of its refusal to defend and its disclaimer of coverage, and not offer to provide counsel to the insured, even under a reservation of rights. In that case, the insured would be required to fund the defense of the underlying ac-

tion, and it might not have the means to do so. Moreover, if the insurer prevails in the disclaimer action, the insured will then be responsible not only for the fees associated with defending the disclaimer action, but also the legal fees in the underlying negligence action. Thus, by accepting legal representation chosen by the carrier, the insured avoids at least the latter expense.

All together, the conflicting possibilities and incentives for both the insured and the insurer make it unlikely that "turmoil" would necessarily result from a flat rule allowing the insured to pick counsel at the carrier's expense whenever the carrier offers a defense under a reservation of rights. In light of the disposition above, however, there is no need to determine the accuracy of the carrier's counsel's prediction.

Accordingly, TNP's motion is denied with leave to renew upon a more adequate showing of a potential or actual conflict of interests by its present attorneys in the underlying tort action.

SO ORDERED.