■ WELLSBURG TRUCK & AUTO SALES, INC., Appellant, v PEOPLES STATE BANK OF WYALUSING et al., Respondents. [915 NYS2d 690]—

Rose, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered February 10, 2010 in Chemung County, which, among other things, granted defendants' motion to dismiss the complaint.

Plaintiff, a used car dealership located in New York, commenced this action against defendant Peoples State Bank of Wyalusing, a bank chartered and located in Pennsylvania, and its loan officer, defendant Robert Champion. Plaintiff alleged

that the bank breached its fiduciary duty and engaged in deceptive practices by failing to make or obtain promised loans, allowing plaintiff to incur overdraft charges, converting plaintiff's negative balances to short term loans, and encouraging plaintiff to seek and obtain high interest loans from other individuals and institutions. Plaintiff also alleged the breach of an oral agreement made by defendants to loan it "between $1,700,000 and $2,500,000." Defendants moved to dismiss the complaint for failure to state a cause of action and plaintiff cross-moved to amend the complaint. Supreme Court granted defendants' motion and denied plaintiff's cross motion, and plaintiff appeals.

We affirm. Initially, inasmuch as neither party has pointed to any actual conflict between the laws of New York and Pennsylvania with regard to the issues raised here, we need not engage in a choice of law analysis (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]; *Matter of Giles*, 74 AD3d 1499, 1502-1503 [2010]). As for the breach of fiduciary duty cause of action, it was properly dismissed in the absence of any allegation of facts giving rise to a fiduciary relationship between the parties. Instead of a fiduciary relationship, the record reveals only a typical banking relationship with a commercial customer (*see Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1286 [2007]; *Call v Ellenville Natl. Bank*, 5 AD3d 521, 523 [2004]; *Bennice v Lakeshore Sav. & Loan Assn.*, 254 AD2d 731, 732 [1998]). Plaintiff also failed to state a claim for deceptive banking practices, as General Business Law § 349 does not apply to private contract disputes unique to the parties, such as the one alleged here (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320-321 [1995]; *Quail Ridge Assoc. v Chemical Bank*, 162 AD2d 917, 920 [1990], *lv dismissed* 76 NY2d 936 [1990]). The breach of contract cause of action was also properly dismissed in the absence of any showing that the parties intended to be bound by the alleged financing proposal (*see Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 427 [2010], *lv denied* 15 NY3d 704 [2010]; *Landes v Sullivan*, 235 AD2d 657, 660 [1997]). Finally, while leave to amend is generally freely given (*see* CPLR 3025 [b]), plaintiff sought only to "broaden the scope" of the causes of action already stated, no proposed amended complaint was offered and no evidentiary showing was made to support an amendment (*see Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1445 [2010]; *Curtin v Community Health Plan*, 276 AD2d 884, 886 [2000]). Plaintiff's remaining contentions have been considered and found to be similarly unavailing.

Peters, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.