■ DEBORAH KAUFMAN, Respondent-Appellant, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Appellant-Respondent, et al., Defendant. [938 NYS2d 367]—

Egan Jr., J.

Initially, we agree with defendant that Supreme Court erred in failing to grant its motion for summary judgment as to plaintiff's General Business Law § 349 cause of action. "A party seeking to recover under section 349 must, as a threshold [matter], allege that the defendant's acts or practices have a broad impact on consumers at large" (*Walsh v Liberty Mut. Ins. Co.*, 289 AD2d 842, 843-844 [2001] [citation omitted]; *see Elacqua v Physicians' Reciprocal Insurers*, 52 AD3d 886, 888 [2008]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 468 [2003], *lv dismissed* 100 NY2d 640 [2003]). "Private contract disputes, unique to the parties . . . [do] not fall within the ambit of the statute" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995] [citation omitted]; *see Wellsburg Truck & Auto Sales, Inc. v Peoples State Bank of Wyalusing*, 80 AD3d 942, 943 [2011]). Here, plaintiff did nothing more than assert—in a conclusory and otherwise unsubstantiated fashion—that defendant "engaged in deceptive business practices" and that its conduct in this regard "was not an isolated incident." As there is nothing in the record to suggest a pattern of consumer-oriented misconduct on the part of defendant (*compare Elacqua v Physicians' Reciprocal Insurers*, 52 AD3d at 888-889), defendant's motion for summary judgment dismissing this particular cause of action should have been granted.

We reach a similar conclusion as to plaintiff's breach of contract claim. In support of its motion for summary judgment, defendant submitted an affidavit from one of its claims adjusters, who averred that upon its receipt, he reviewed the complaint in the Norton action, ascertained that all of the claims asserted against each of the covered insureds—the hospital, Nguyen and plaintiff—fell within the coverage of the underlying insurance policy and promptly arranged for Carter Conboy to defend the subject litigation. The adjuster further averred that defendant had no contact with either plaintiff or Nguyen between defendant's receipt of the summons and complaint and the assignment of Carter Conboy as defense counsel, and there is no evidence that plaintiff expressed any dissatisfaction with the joint representation provided by defendant until after she had sampled the verdict. Further, the underlying complaint failed to set forth any facts that would have placed defendant on notice of an actual or apparent conflict of interest. Notably, the complaint itself was so terse that it did not even hint at the particular acts of malpractice allegedly attributable to the hospital, Nguyen or plaintiff, nor did it in any way suggest that the Nortons considered one of the defendants named therein to be any more culpable than the others. Absent any other evidence suggesting an actual or apparent conflict of interest with respect to plaintiff, which the record before us fails to disclose, defendant had no duty to appoint separate counsel to represent her (*see generally Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401 n [1981]). Thus, we are satisfied that defendant discharged its initial burden on the motion for summary judgment, thereby imposing upon plaintiff the obligation to tender sufficient admissible proof to raise a question of fact in this regard.

This she failed to do. To the extent that plaintiff asserted—in a bill of particulars verified only by counsel—that she was "misle[d] . . . on multiple occasions that the case against her would be discontinued and that [Nguyen] would be the only party to either pay a settlement or take a verdict," we need note only that this statement fails to qualify as proof in admissible form (*see Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1417 [2010] [Rose, J., dissenting]; *Matter of Allen*, 210 AD2d 856, 857 [1994]; *see also Benaquista v Burke*, 74 AD3d 1514, 1515-1516 [2010]) and, in any event, is insufficient to raise a question of fact as to the purported conflict of interest. Accordingly, defendant's motion for summary judgment should have been granted in its entirety.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Medical Liability Mutual Insurance Company and complaint dismissed against it.