Abdus-Salaam, J.
(dissenting in part). I believe that the motion court properly denied summary judgment to plaintiff on its second cause of action. In support of the motion, plaintiff submitted the complaint in the underlying action, which alleged that the accident had occurred at the premises and work site (also referred to in the complaint as the construction site). It also submitted the bill of particulars for the complaint, which alleges that the incident took place at the construction site at the premises, “specifically, on the steel framing of the fourth floor.” Both the complaint and the bill of particulars are verified by counsel, who has no personal knowledge of the location of the accident, and thus these statements “fail[ ] to qualify as proof in admissible form” (Kaufman v Medical Liab. Mut. Ins. Co., 92 AD3d 1057, 1059 [3d Dept 2012]). Plaintiff, having failed to tender “evidentiary proof in admissible form” regarding the location of the accident (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), did not make a prima facie showing of entitlement to summary judgment (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
*172 Sweeny, J.P., and Feinman, JJ., concur with Saxe, J.; De-Grasse and Abdus-Salaam, JJ., dissent in a separate opinion by Abdus-Salaam, J.
Order, Supreme Court, New York County, entered June 21, 2012, modified, on the law, Seneca’s cross motion granted to the extent of declaring that it had no duty to defend and indemnify defendants in the underlying personal injury action, and otherwise affirmed, without costs.