■ DEREK WILLIAMS, Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. GARY ROXLAND, Third-Party Defendant-Appellant. [694 NYS2d 355] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered March 24, 1998, which upon granting third-party plaintiffs' motion to renew and reargue, recalled the court's prior decision of September 11, 1997, and denied third-party defendant's motion to dismiss the third-party complaint, and order, same court and Justice, entered October 14, 1998, which upon granting third-party defendant's motion to renew and reargue the March 24, 1998 order, adhered to its prior decision, denied third-party defendant's motion to reinstate the order of September 11, 1997, and denied third-party defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion to dismiss the third-party complaint granted. The Clerk is directed to enter judgment in favor of the third-party defendant dismissing the third-party complaint.

This medical malpractice action arises out of treatment plaintiff received in the emergency room at Harlem Hospital following an automobile accident. Because plaintiff was complaining of pain in his hip, the emergency room physician, Dr. Manuel Acevedo, referred plaintiff for X-rays. Dr. Gary Roxland, a staff radiologist at the hospital, took and interpreted the X-rays and concluded that plaintiff did not have a fracture. Based upon these findings, plaintiff was diagnosed with a deep bruise. It was later determined that plaintiff had in fact fractured his right hip and, as a result of the misdiagnosis, allegedly had to undergo several medical procedures.

Thereafter, this action was commenced against Dr. Acevedo, Dr. Roxland, and the New York City Health and Hospitals Corporation (HHC). The Corporation Counsel appeared and answered on behalf of defendants Dr. Acevedo and HHC. Dr. Roxland retained private counsel and served a separate answer.

After extensive court-supervised negotiations, Dr. Roxland settled plaintiff's claims for $150,000. As part of the settlement, plaintiff executed a general release and agreed, via a separate letter executed by his attorney, that he would not "assert theories of vicarious liability and/or respondeat superior against HHC, Harlem Hospital and/or Acevedo based upon any acts and/or omissions of Gary Roxland, M.D." Neither Dr. Acevedo nor HHC were parties to the settlement.

Thereafter, two months prior to the scheduled trial of this action, Dr. Acevedo and HHC commenced a third-party action against Dr. Roxland seeking contribution and indemnity. A motion for summary judgment by Dr. Roxland ensued. The question presented on this appeal is whether Dr. Roxland, as a settling tortfeasor, is entitled to dismissal of the third-party action pursuant to General Obligations Law § 15-108 (b). Dr. Acevedo and HHC oppose dismissal asserting that the statute does not bar the third-party action since it sounds in indemnity, not contribution. We conclude that, whichever characterization is applied, Supreme Court erred in failing to dismiss the third-party action against Dr. Roxland.

To the extent that the third-party action is seeking contribution, it is statutorily barred since General Obligations Law § 15-108 (b) provides that "[a] release given in good faith by the injured person to one tortfeasor * * * relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules." While it is true that the statute does not extinguish a party's right to seek common-law indemnification (*Rosado v Proctor & Schwartz*, 66 NY2d 21, 24-25; *McDermott v City of New York*, 50 NY2d 211, 220), Dr. Acevedo and HHC overlook the fact that they can no longer be held vicariously liable for any malpractice committed by Dr. Roxland.

In this regard, as part of the settlement between plaintiff and Dr. Roxland, plaintiff specifically agreed that he would not assert any claims against Dr. Acevedo and HHC premised upon their vicarious liability for Dr. Roxland's conduct. This agreement precludes plaintiff from asserting such claims (*see*, CPLR 2104; General Obligations Law § 15-108 [a]; *see also*, *Wells v Shearson Lehman/American Express*, 72 NY2d 11, 21-22; *Ca-*

*Iavano v New York City Health & Hosps. Corp.*, 246 AD2d 317, 320). Moreover, plaintiff's failure to formally amend his pleadings to delete such claims does not alter this conclusion since, by his agreement, he has circumscribed the issues to be determined at trial (*see, Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d 999, 1002). Thus, since Dr. Acevedo and HHC have failed to identify any theoretical underpinning to support the third-party action, summary judgment was warranted. Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.