■ CHRISTINE BLOG, Respondent, v SPORTS CAR CLUB OF AMERICA, INC., et al., Appellants. KING MOTORSPORTS, INC., Third-Party Plaintiff-Appellant-Respondent, v BATTERY PARK CITY AUTHORITY et al., Third-Party Defendants, WESJOE RESTAURANT, INC., Third-Party Defendant-Respondent, and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant. [706 NYS2d 93] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about June 1, 1999, which, in a products liability action, declared that third-party defendant insurer American Empire has a duty to defend defendant and third-party plaintiff King Motorsports in the instant action, denied King Motorsports's motion for summary judgment on its cross claims against defendant Junior Car Racing Association for contractual indemnification and breach of contract to procure insurance, denied Junior Car's motion for summary judgment on its cross claim against King Motorsports for common-law indemnification and on its third-party claim against third-party defendant New York Dolls for contractual indemnification, dismissed King Motorsports's third-party action as against third-party defendants Battery Park City Authority, Battery Park City Parks Corporation, New York Chapter National Multiple Sclerosis Society, Yorkville Sports Association and Miller Brewing Company, and denied defendants Sports Car Club of America (SCCA) and New York Region of SCCA's motion to dismiss the complaint as against them, unanimously modified, on the law, to declare that American Empire has no obligation to defend

King Motorsports in the instant action, and to dismiss King Motorsports's cross claims against Junior Car for contractual indemnification and breach of contract to procure insurance, and otherwise affirmed, without costs.

We reject King Motorsports's claim that the Supplementary Regulations in SCCA's policy with American Empire show that it was a covered race official under that policy. Giving these provisions their plain and ordinary meaning, the references to King Motorsports and other organizations were for the sole purpose of identifying the listed individuals' employers, rather than designating those organizations as race officials. King Motorsports's cross claims against Junior Car for contractual indemnification and breach of contract to procure insurance should be dismissed since the agreements between those parties did not contemplate product liability claims arising out of acts and conduct occurring prior to the race. The third-party action was properly dismissed as against the event defendants in the absence of any evidence that they had any part in the manufacture, design, distribution or modification of the allegedly defective go-kart. However, issues of fact do exist as to SCCA's and Junior Car's involvement, if any, in the manufacture, design, distribution or modification of the go-kart, and, accordingly, their motion to dismiss all claims as against them and Junior Car's motion for summary judgment on its indemnification claims against King Motorsports and New York Dolls were properly denied. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.