■ Delores Becarie et al., Respondents-Appellants, v Union Bank of Switzerland, Respondent-Appellant, and Reto Tuffli et al., Appellants-Respondents. (And a Third-Party Action.) [709 NYS2d 19] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about July 15, 1999, that, *inter alia*, denied defendant Union Bank of Switzerland's motion for summary judgment dismissing the cross-claim of defendants and third-party plaintiffs Tuffli and DeBaere seeking indemnification from Union Bank of Switzerland, and denied Tuffli and DeBaere's cross-motion for summary judgment to compel Union Bank of Switzerland to provide a defense and indemnify them, unanimously modified, on the law, to grant Union Bank's motion and dismiss the cross-claim, and otherwise affirmed, without costs.

The underlying personal injury action arose from the plaintiff's slip and fall on an icy driveway to a house owned by defendant Union Bank of Switzerland (UBS) and rented to co-defendant Tuffli, who hired plaintiff as a babysitter. UBS settled with plaintiff and obtained a release, leaving plaintiff's claim against Tuffli. Tuffli seeks indemnification from UBS for its liability, if any, to plaintiff pursuant to the rental agreement. That agreement, concededly spare, imposed snow removal responsibility on the tenant and driveway maintenance on the landlord, and required the landlord to obtain "property insurance." Tuffli had contracted with and paid third-party defendant Lamberty for snow and ice removal from the driveway. Tuffli testified at his deposition that he never contacted anyone at UBS concerning snow removal. The motion court construed UBS's obligation to provide property insurance as encompassing the obligation to defend and indemnify Tuffli. Tuffli, nevertheless, had acquired his own liability coverage for the premises.

Pursuant to General Obligations Law § 15-108 (b), the settlement between UBS and plaintiff protects UBS from contribution to Tuffli regarding Tuffli's liability, if any, on the underlying personal injury claim. Since Tuffli's liability in this case is not derivative, Tuffli cannot seek common law indemnification from UBS (*Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559). Regarding contractual indemnification, it is well established that "[a]n agreement to procure insurance is not an agreement to indemnify" (*Kinney v Lisk Co.*, 76 NY2d 215,

218). There is no agreement by which UBS undertook to indemnify its tenant in this case. Moreover, nor can damages be construed in this case on a basis that UBS had failed to provide liability insurance covering accidents in the driveway, insofar as the rental contract did not impose such an obligation on the landlord but only required property insurance. Rather, property insurance typically provides first-party coverage for economic loss from, or physical damage to, the premises (*see*, 10 Couch, Insurance 3d § 148:3), losses that are distinct from personal injuries to third parties (*see*, *Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 687-688). Hence, UBS is entitled to dismissal of the cross-claim as a matter of law.

Finally, plaintiffs purport to appeal from the same order, basically in support of Tuffli. However, insofar as they are not aggrieved by that order, plaintiffs lack standing to appeal. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Saxe, JJ.