■ RICHARD J. WHALEN et al., Respondents, v 50 SUTTON PLACE SOUTH OWNERS, INC., Appellant and Third-Party Plaintiff. ARCHITECT FRANK LO PRESTO, P. C., Third-Party Defendant-Respondent. 50 SUTTON PLACE SOUTH OWNERS, INC., Second Third-Party Plaintiff, v BERGER RAIT DESIGN ASSOCIATES, INC., et al., Second Third-Party Defendants-Respondents. [714 NYS2d 269] —Order, Supreme Court, New York County (Emily Goodman, J.), entered March 16, 2000, which, inter alia, (1) denied the motion of 50 Sutton Place South Owners, Inc. for: (a) leave to amend the second third-party complaint to include claims against second third-party defendants Berger Rait Design Associates and Vanguard Construction and Development Co. Inc. for contractual indemnification and breach of a contractual undertaking to purchase insurance and (b) conditional summary judgment on same; and (2) granted the cross motions of third-party defendants Berger Rait, Vanguard and Frank Lo Presto, P. C. to dismiss the defendant 50 Sutton Place's claims against them, unanimously affirmed, with costs.

On November 8, 1996, defendant residential cooperative 50 Sutton Place South Owners, Inc. approved plans submitted by plaintiffs to renovate their apartment, which plans revealed an intent to increase the apartment's electrical power supply. Prior to approval, the plans were reviewed by the cooperative's architect, third-party defendant Lo Presto. The cooperative provided plaintiffs with an alteration agreement and authorized them to commence work on Monday, November 11, 1996. On that same date, however, the cooperative verbally advised plaintiffs that it was revoking its approval because it desired to preserve the building's electrical reserves. When the electricity issue could not be amicably resolved, plaintiffs abandoned the

renovation and sold the apartment in its demolished state. Plaintiffs then commenced this action against the cooperative based on its alleged wrongful withdrawal of approval for the electrical upgrade, asserting claims based on breach of contract, breach of the duty of fair dealing and promissory estoppel, and sought damages, including their expenses in the aborted renovation and their loss on the sale of the apartment. The cooperative sought judgment over against Lo Presto on the ground that he was negligent in approving plaintiffs' plans without objection to the increased amperage, and against Berger Rait and Vanguard on the ground that they performed demolition after receiving notice of the revocation or were negligent, failing to communicate the revocation to the persons who did.

We reject the claim that the cooperative's decision to rescind approval was not an impermissible breach of contract but was a valid exercise of discretion protected by the business judgment rule (see, Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530). Plaintiffs seek to enforce specific rights granted to them by the approved alteration agreement and "while it may be good business judgment to walk away from a contract, this is no defense to a breach of contract claim" (Dinicu v Groff Studios Corp., 257 AD2d 218, 222-223). The claim that the cooperative's revocation of the contract was authorized in light of plaintiffs' failure to submit an electrical survey as required by the alteration agreement presents, at best, an issue of fact. Plaintiffs provided the electrical plan and a "load letter" and the cooperative accepted and approved the alteration application on that basis. Under these circumstances, the cooperative may have waived the electrical survey requirement.

Nor did the IAS Court improvidently exercise its discretion in denying the cooperative's motion to amend the second third-party complaint to assert contractual indemnity and failure to procure insurance claims against Vanguard and Berger Rait (see, Allen v Vuley, 223 AD2d 868, 869). The request for leave to amend was not sought until well after the moving party was first made aware of the facts upon which the proposed amendment was predicated. No satisfactory excuse for the delay was tendered and the proposed new claims were based on different factual aspects of the underlying transactions. Moreover, the claims against Vanguard and Berger for contractual indemnification and breach of contract to procure insurance were plainly without merit since the agreements on which the cooperative relies did not contemplate the subject breach of contract claims, which arise out of the cooperative's own affirmative act of

revoking approval (*see, Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777; *Blog v Sports Car Club*, 270 AD2d 215; *Becarie v Union Bank*, 272 AD2d 162).

The motion court correctly dismissed the third-party complaints. The underlying claim seeks contractual damages, i.e., economic loss due to diminution of the value of the cooperative apartment, and, thus, contribution is not available (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21; *15 E. 11th Apt. Corp. v Elghanayan*, 220 AD2d 295, 297, *lv denied in part and dismissed in part* 87 NY2d 1050). In addition, common law indemnification is unavailable since the cooperative's liability, if any, will not be vicarious but based on its unilateral action in revoking its approval (*Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra*, at 29; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449, 453).

We have considered defendant cooperative's other arguments and find them unavailing. Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.