■ NYNREE WILLIAMS et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants and Third-Party Plaintiffs-Respondents. BERNARDO HENAO, Third-Party Defendant-Appellant. [780 NYS2d 580]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered July 23, 2003, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the motion to dismiss the third-party complaint granted, without prejudice to defendants' right to assert an affirmative defense in the main action pursuant to General Obligations Law § 15-108 (a). The Clerk is directed to enter judgment accordingly.

The underlying personal injury action arose when plaintiffs were allegedly injured after a bus operated by defendant Manhattan and Bronx Surface Transit Operating Authority and driven by defendant Danny W. Flynn, an employee of defendant New York City Transit Authority, was struck by a vehicle owned and operated by Bernardo Henao. Henao entered into settlement agreements with the two plaintiffs, who executed general releases thereby releasing him from liability relating to any claims arising from the underlying accident.

Thereafter, defendants commenced a third-party action against Bernardo Henao for common-law contribution and indemnification. Henao moved to dismiss the action based on plaintiffs' respective general releases. The IAS court denied the motion.

We reverse. To the extent the third-party action seeks contribution, it is statutorily barred by General Obligations Law § 15-108 (b) (*see Williams v New York City Health & Hosps. Corp.*, 262 AD2d 231 [1999]). In addition, since the liability of the Manhattan and Bronx Surface Transit Operating Authority and the New York City Transit Authority in the underlying personal injury action is not derivative as between themselves and Henao, they may not seek common-law indemnification from him (*see Guzman v Haven Plaza Housing Dev. Fund, Inc.*, 69 NY2d 559, 569 [1987]; *Becarie v Union Bank of Switzerland*, 272 AD2d 162 [2000]).

We note, however, that defendants have the right to a setoff pursuant to General Obligations Law § 15-108 (a). We, therefore,

dismiss the third-party action without prejudice to defendants' right to assert an affirmative defense in the main action pursuant to General Obligations Law § 15-108 (a) (*see Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288 [1998]). Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.