■ LENA LIPPINER et al., Appellants, v. JOSEPH SIRIS, Respondent, et al., Defendant.— In a medical malpractice action to recover damages for personal injury, loss of services, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, entered December 20, 1965, which denied their motion for pretrial examination of a witness. Order reversed, without costs, and motion granted. The desired examination shall proceed within 10 days after completion of respondent's pretrial examination of the plaintiff wife (see *Lippiner* v. *Siris,* 26 A D 2d 621) upon five days' written notice by plaintiffs at a time and place fixed in said notice or at such other time and place as the parties may agree upon by written stipulation. In our opinion the record discloses adequate special circumstances which warrant the examination (cf. CPLR 3101, subd. [a], par. [4]). Ughetta, Acting P. J., Christ, Brennan, Hill and Benjamin, JJ., concur.

■ WILLIAM J. MACARI, Plaintiff, v. PARSONS HOSPITAL, Appellant, and THEODORE PESSAR et al., Respondents.— In an action to recover damages *inter alia* for medical malpractice, defendant Parsons Hosiptal appeals from an order of the Supreme Court, Queens County, entered February 25, 1966, which denied its motion to amend its answer so as to assert a cross claim against the three defendant physicians (CPLR 3011, 3025). Order reversed and motion granted, with one bill of $10 costs and disbursements. The proposed amended answer (containing the cross claim) printed in the record on appeal shall be deemed to have been served as the defendant hospital's second amended answer; the time to answer the cross claim is extended until 20 days after entry of the order hereon. In our opinion, the cross claim sufficiently alleges a claim of common-law indemnity against the defendant physicians. If plaintiff recovers damages against the defendant hospital based on the negligence of the defendant physicians as its servants, the hospital would be entitled to indemnification (*Bing* v. *Thunig,* 2 N Y 2d 656; *Opper* v. *Tripp Lake Estates,* 274 App. Div. 422, affd. 300 N. Y. 572; *Hollant* v. *North Shore Hosp.,* 24 Misc 2d 892, affd. 17 A D 2d 974). Plaintiff's complaint contains allegations both of active and passive negligence on the part of the defendant hospital. Prior to trial it cannot be foretold upon which theory of negligence plaintiff may recover. Consequently, the sufficiency of the cross claim can best be determined at the trial (*Lipsman* v. *Warren,* 10 A D 2d 868; *Donnelly* v. *Rochester Gas & Elec. Corp.,* 21 A D 2d 740). Christ, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur.