■ MARGARET O'BRIEN et al., Plaintiffs, v KEY BANK N. A. et al., Defendants, and AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant and Third-Party Plaintiff-Respondent. COMSTOCK COMMUNICATIONS, INC., Third-Party Defendant-Appellant. [636 NYS2d 182] —Crew III, J. Appeal from an order of the Supreme Court (Harris, J.), entered October 5, 1994 in Albany County, which granted third-party plaintiff's motion for summary judgment on its third-party complaint.

In 1986, defendant American Telephone and Telegraph Company (hereinafter AT&T) entered into a contract with third-party defendant Comstock Communications, Inc. in which Comstock agreed to install underground conduit and manholes in and around Norton Street in the City of Albany and to restore the sidewalks disturbed during such installation. In May 1989, following completion of the aforesaid contract, plaintiff Margaret O'Brien, after exiting defendant Key Bank N. A.'s building and while crossing the sidewalk on Norton Street, fell and sustained certain personal injuries. As a consequence, plaintiff and her husband, derivatively, commenced suit against AT&T, Key Bank and the City of Albany, claiming, *inter alia*, that AT&T had failed to properly resurface the Norton Street area, which failure caused plaintiff's fall. AT&T thereafter commenced a third-party action against Comstock seeking contractual and common-law indemnification. Following joinder of issue, AT&T moved for summary judgment against Comstock on the ground that the indemnification clause in its contract with Comstock, as well as common-law principles, obligated Comstock to defend and indemnify it for any judgment obtained by plaintiffs. Supreme Court granted the motion, and Comstock now appeals.

Initially, we reject Comstock's contention that Supreme Court's determination was premature. It is well established that a court may render a conditional judgment on the issue of indemnity, pending determination of the primary action, in order that the indemnitee obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed (*see*, *McCabe v Queensboro Farm Prods.*, 22 NY2d 204, 208; *Schwalm v County of Monroe*, 158 AD2d 994; *Blair v County of Albany*, 127 AD2d 950, 951). Nevertheless, we are constrained to reverse for the reasons hereinafter stated.

The indemnification agreement between AT&T and Comstock provided that Comstock would indemnify AT&T against any losses arising out of the performance of the contract excepting losses caused solely by AT&T's negligence. It is clear that an indemnity clause which purports to hold the indemnitee harmless for its own negligence is void as against public policy (*see*, General Obligations Law § 5-322.1) and inasmuch as the indemnity agreement here purports to indemnify AT&T in instances where it may have been partially negligent, it is void. Nevertheless, such a clause is enforceable if the indemnitee is found to have been free from negligence (*see*, *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179). Because the motion papers raise questions of fact as to whether AT&T

exercised supervisory control over Comstock and whether it was negligent in that regard, summary judgment for contractual or common-law indemnification is precluded (see, Schieve v International Bus. Machs. Corp., 157 AD2d 924, 925). Comstock's remaining contention, that its duty to indemnify has expired, was not raised before Supreme Court and is thus not preserved for review (see, CPLR 5501).

Mikoll, J. P., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.