■ STATE OF NEW YORK, Appellant, v J.D. POSILLICO, INC., et al., Respondents. [716 NYS2d 769] —Graffeo, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered September 10, 1999 in Albany County, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff commenced this common-law indemnification action after judgment was entered against it in a Court of Claims action brought by U-Do-It Self Service Holding Company, the owner of real property located adjacent to State Route 110 in the Town of Babylon, Suffolk County. As part of a 1.7-mile road reconstruction project in that area, plaintiff acquired a temporary easement over U-Do-It's parcel through eminent domain proceedings. U-Do-It was compensated both for the temporary loss of use of the property during the course of the road work and the permanent loss of a one-story structure, an automobile repair shop, which had to be demolished to facilitate the reconstruction.

Thereafter, plaintiff contracted with defendant J.D. Posillico,

Inc. (hereinafter Posillico) to undertake the reconstruction of Route 110. Under the contract, Posillico assumed the responsibility to demolish the U-Do-It building and to remove any resulting debris from the site. Defendant Federal Insurance Company provided plaintiff a performance bond guaranteeing Posillico's work.

The building was demolished over a 10-day period in January 1987. In 1990, after completion of the roadway project, U-Do-It began to excavate its land to reconstruct the repair shop and discovered that debris, allegedly from the prior structure, had been buried under the surface of its property. U-Do-It removed the debris and then brought suit against plaintiff in the Court of Claims for recovery of the costs of such removal. At the conclusion of trial, judgment was entered against plaintiff in the amount of $50,260.95 on the theory that plaintiff owed a nondelegable duty under Highway Law § 30 to compensate U-Do-It for the costs it incurred to effectuate the proper removal of the demolition debris.

Having satisfied the judgment, plaintiff commenced this action seeking indemnification from Posillico and Federal due to Posillico's alleged failure to remove the construction debris from the property pursuant to the terms of its contract with plaintiff. Following discovery, the parties cross-moved for summary judgment. Interpreting the Court of Claims judgment as encompassing a finding of active negligence on the part of plaintiff, which it concluded foreclosed a claim for indemnification, Supreme Court granted summary judgment to defendants and dismissed the complaint. Plaintiff now appeals.

"Implied indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other [citations omitted]" (*Mas v Two Bridges Assocs.*, 75 NY2d 680, 690). Under this equitable principle, a party obligated to compensate another for a loss by operation of law may pursue reimbursement against the party who more properly should be held accountable for that loss (*see, id.*; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827).

Notwithstanding defendants' contention that the Court of Claims action sounded in negligence and, as such, that the identical fault issue necessary to resolution of the indemnification claim was resolved in that action, we note that plaintiff's liability to U-Do-It was premised on a nondelegable duty imposed by Highway Law § 30. This statute provides, in pertinent part, that "[i]f the work of construction or reconstruction of any highway project shall cause actual damages to prop-

erty not acquired as above provided [through eminent domain proceedings], the state shall be liable therefor" (Highway Law § 30 [14]). To recover under this provision, the property owner must establish that its property was damaged and that the road construction was the cause of the injury, but need not demonstrate any particular negligent act or omission attributable to plaintiff (see, e.g., *DSS Enters. v State of New York*, 162 AD2d 1027). Thus, a finding that plaintiff actually conducted the project in a negligent manner was not necessary to a finding of liability in the Court of Claims action once U-Do-It established that it incurred "actual damages" caused by plaintiff's road widening project for which it had not been compensated in the eminent domain proceeding. Despite dictum in the Court of Claims decision which could be interpreted as journeying beyond the finding necessary to establish plaintiff's liability under the Highway Law, we do not find that the decision equates to a determination of "active negligence" sufficient in and of itself to foreclose indemnification.

Indeed, upon our review of the record, the following facts appear to be undisputed. Posillico voluntarily assumed a broad contractual duty to demolish the automobile repair shop structure and to remove the demolition debris from the site (see, *Warner v Historic Hudson Riv. Heritage Dev. Co.*, 235 AD2d 987). Plaintiff did not actually participate in the demolition and debris removal process and it is not contended that its employees took any other action which could have contributed to the damage occasioned by virtue of the alleged improper burial of construction or demolition materials (cf., *Johnson City Cent. School Dist. v Fidelity & Deposit Co.*, 272 AD2d 818 [indemnification inappropriate where it was plausible that separate actions or omissions of the defendant and the party against whom it sought indemnification together caused the injury]). Although plaintiff's inspectors visited the Route 110 site on a daily basis to monitor the progress of the road project, there is no indication that plaintiff directed or controlled the work of Posillico's employees or subcontractors, nor does it appear from the contract language that such direction or control was contemplated by the parties (see, *Elezaj v Carlin Constr. Co.*, 225 AD2d 441, *affd* 89 NY2d 992).

Thus, notwithstanding the finding that plaintiff breached a nondelegable statutory duty it owed U-Do-It, if debris from the building was buried on the site, plaintiff's liability for such a condition arose from the acts or omissions of Posillico—the party that voluntarily assumed full responsibility for the work.

Given these circumstances, we find that plaintiff's indemnification claim against Posillico was not foreclosed by the Court of Claims decision and that Supreme Court erred in dismissing the cause of action on this basis (*see, Mas v Two Bridges Assocs.*, 75 NY2d 680, *supra*; *Warner v Historic Hudson Riv. Heritage Dev. Co., supra*). The court having offered no separate rationale for dismissing the action against Federal under the performance bond, we conclude that the complaint must be reinstated in its entirety.

Although it is not clear from plaintiff's appellate briefs that it is challenging so much of Supreme Court's order that denied its motion for summary judgment, we note that plaintiff was not entitled to such relief as Posillico raised an issue of fact as to whether the building construction debris was actually buried on U-Do-It's premises. Because Posillico was not a party to the Court of Claims action, it is not estopped from litigating this issue notwithstanding the court's factual determinations in that action (*see generally, Matter of State of New York v Town of Hardenburgh*, 273 AD2d 769; *Egan v Halverson*, 271 AD2d 844, 846).

We have considered the remaining contentions of the parties and, to the extent not addressed, find them to be unpersuasive.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion; cross motion denied; and, as so modified, affirmed.