■ JOSEPHINE DITINGO et al., Respondents, v DAVID DREYFUSS, Individually and as Agent, Officer and/or Employee of SURGICAL ASSOCIATES, P.C., et al., Defendants, GARABED A. FATTAL, Individually and as Agent, Officer and/or Employee of UNITED MEDICAL ASSOCIATES, P.C., Appellant, and OUR LADY OF LOURDES MEMORIAL HOSPITAL, Respondent. [812 NYS2d 165]—

Spain, J. Appeals (1) from an order of the Supreme Court (Lebous, J.), entered January 14, 2005 in Broome County, which denied defendant Garabed A. Fattal's motion to set aside the jury verdict, and (2) from an order of said court, entered January 13, 2005 in Broome County, which granted a motion by defendant Our Lady of Lourdes Memorial Hospital for summary judgment on its claims for indemnification and counsel fees.

In November 2000, plaintiff Josephine Ditingo (hereinafter plaintiff), then age 82, had an annual mammogram and ultrasound of her right breast.* The following month, her vascular surgeon, defendant David Dreyfuss, performed a stereotactic breast biopsy to determine the nature of a lesion observed during the mammogram. The biopsy was sent to the pathology department at defendant Our Lady of Lourdes Memorial Hospital, and defendant Garabed A. Fattal performed a microscopic exam of the specimen. Fattal issued a biopsy report in which he diagnosed that plaintiff had "infiltrating duct cell carcinoma of breast, solid with partially acinar morphology, with moderate atypia," meaning plaintiff had invasive cancer of her right breast. Based upon this diagnosis, later determined to be incorrect, Dreyfuss performed a total mastectomy of plaintiff's right breast in late December 2000.

When the removed tissue was examined by staff pathologists and the chief of pathology, it was determined that it contained no cancer and that the breast had been unnecessarily removed. The pathologists also reexamined the specimen from the earlier biopsy of the breast, but they did not find infiltrating duct cell carcinoma, as Fattal had diagnosed and which formed the basis for the unnecessary mastectomy; instead, they found a benign papilloma which, at most, would have required a needle excision of the noncancerous lesion and not the removal of the breast.

Plaintiff and her husband, derivatively, commenced this negligence action in 2002 against, among others, Fattal and Lourdes. At the close of proof at the trial, the action was dismissed against all defendants except Fattal, and the court ruled that Lourdes' liability was solely vicarious. The jury returned a verdict against Fattal and Lourdes in favor of plaintiffs, awarding plaintiff $145,000 for pain and suffering

---

* Plaintiff's left breast had been removed in 1996 after cancer had been detected.

and $100,000 for future pain and suffering, and $5,000 for the husband's derivative claim. Fattal moved to set aside the verdict as to past and future pain and suffering or for a new trial on those damages, which Supreme Court denied. The court also granted Lourdes' motion for summary judgment on its common-law indemnification cross claim against Fattal, and for counsel fees and disbursements in defending this action. Fattal now appeals from both orders, and we affirm.

First, we address and reject Fattal's challenge to the jury's award for plaintiff's past and future pain and suffering as excessive. We are guided by the principle that "[a] jury's assessment of damages in a personal injury case is entitled to great deference, as is a trial court's decision on a motion to set aside a verdict, and should not be set aside unless the award 'deviates materially from what would be reasonable compensation' " (*Laguesse v Storytown U.S.A.*, 296 AD2d 798, 801 [2002] [citations omitted], quoting CPLR 5501 [c]; *see Valentine v Lopez*, 283 AD2d 739, 743 [2001]; *Lolik v Big V Supermarkets*, 266 AD2d 759, 760 [1999]). In our view, the evidence regarding the needless total and permanent surgical removal of plaintiff's remaining breast, which was not inflicted with cancer, and consideration of the closest comparable cases, fails to provide any arguable support for the claim that the jury's pain and suffering award materially deviated from reasonable compensation (*see Gonzalez v Jamaica Hosp.*, 25 AD3d 652, 653 [2006]; *Sutch v Yarinsky*, 292 AD2d 715, 716-717 [2002]; *Lopez v Bautista*, 287 AD2d 601, 601 [2001] [$750,000/$250,000 award for past and future pain and suffering for failure to detect cancer, later requiring mastectomy]; *Motichka v Cody*, 279 AD2d 310, 311 [2001], *lv denied* 97 NY2d 609 [2002] [reduced $2.25 million to $850,000 where the plaintiff had mastectomy but lumpectomy was viable]; *King v Jordan*, 265 AD2d 619, 621 [1999] [$500,000/ $300,000 award for past and future pain and suffering—same as *Motichka*]). The evidence established plaintiff's protracted physical pain associated with the mastectomy surgery and her emotional devastation and anxiety surrounding the diagnosis and ordeal. Plaintiff's feelings of shame and self-consciousness with regard to her disfigurement and her increased difficulty and discomfort with wearing a prosthetic as a consequence of losing her remaining breast were also amply demonstrated. Given plaintiffs' evidence of the short and long-term physical and emotional consequences of Fattal's misdiagnosis, we agree with Supreme Court's conclusion that the damages award was not excessive in any respect, nor did it deviate materially from reasonable compensation (*see* CPLR 5501 [c]).

Next, we find no merit to Fattal's challenge to Supreme

Court's postverdict award of summary judgment to Lourdes on its cross claim for common-law indemnification. All claims of negligence against Lourdes had been dismissed at the close of proof and the jury's verdict established Fattal's sole active negligence and, as a matter of law, Lourdes' liability was only vicarious (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79-80 [1986]), entitling Lourdes' to a conditional judgment on the issue of indemnity (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *O'Brien v Key Bank*, 223 AD2d 830, 831 [1996]; *see also Chapel v Mitchell*, 84 NY2d 345, 347 [1994]; *cf. State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758 [2001]; *State of New York v Syracuse Rigging Co.*, 249 AD2d 758, 759-760 [1998]). No factual issues remained regarding liability, and payment by Lourdes to plaintiffs was not required in order to obtain a conditional judgment of indemnification (*see McCabe v Queensboro Farm Prods.*, 22 NY2d 204, 208 [1968]; *cf. Perri v Gilbert Johnson Enters., Ltd., supra* at 685; *State of New York v Syracuse Rigging Co., supra*; *O'Brien v Key Bank, supra* at 831-832). We also discern no error in Supreme Court's determination that Lourdes was entitled to counsel fees and disbursements incurred in defending plaintiffs' action (*see Creamer v Amsterdam High School*, 277 AD2d 647, 651 [2000]; *see also Chapel v Mitchell, supra* at 347-348). While Lourdes may not recover counsel fees and disbursements incurred in prosecuting its common-law indemnification claim against Fattal (*see Chapel v Mitchell, supra* at 348), Lourdes' billing records reflect that its fees and disbursements were primarily incurred in defending plaintiffs' action.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.