SUMMARY ORDER
Plaintiff Kenneth Smith, pro se and incarcerated, appeals from two judgments, entered on April 22, 2008, and July 9, 2008, respectively, granting the unopposed motions for summary judgment of defendants, various New York State Department of Correctional Services (“DOCS”) employees and Westchester Medical Center (“WMC”), on his claims, inter alia, that the DOCS defendants denied him reasonable accommodations for his hearing loss in violation of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., and that WMC’s decision to treat his dislocated jaw with bilateral manipulation rather than an emi-nectomy rendered it liable for medical malpractice. Construing his notice of appeal liberally, as we must, see Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir.2008), we also read Smith’s submission as appealing from the district court’s April 22, 2008 order denying his motion for relief from judgment under Fed.R.Civ.P. 60(b), and its November 19, 2008 order denying a related motion for reconsideration. We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
1. Summary Judgment
We review the district court’s award of summary judgment de novo, see Dillon v. Marano, 497 F.3d 247, 251 (2d Cir.2007), and we will affirm only if the record evidence, construed in the light most favorable to Smith, shows no genuine issue of material fact and defendants’ entitlement to judgment as a matter of law, see Fed. *507 R.Civ.P. 56(c); White River Amusement Pub, Inc. v. Town of Hartford, 481 F.3d 163, 167 (2d Cir.2007). To demonstrate an issue of material fact, Smith must point to more than a “scintilla” of evidence in support of his position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); accord Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir.2008).

a.Vital Notice

We must first determine whether Smith received proper notice of the nature and consequences of summary judgment under Vital v. Interfaith Medical Center, 168 F.3d 615, 620-21 (2d Cir.1999), as “[t]he failure to give actual notice to a pro se litigant of the consequences of not responding adequately to a summary judgment motion will usually constitute grounds for vacatur.” Jova v. Smith, 582 F.3d 410, 414 (2d Cir.2009). Here, the district court expressly found that both defendants’ motions for summary judgment “included an appropriate notice to pro se litigant pursuant to Local Civil Rule 56.2.” Smith v. Masterson, 538 F.Supp.2d 653, 656 (S.D.N.Y.2008). We identify no basis for concluding that this finding was clearly erroneous. See United States v. Rubenstein, 403 F.3d 93, 99 (2d Cir.2005) (reviewing factual findings for clear error); cf. Scott v. Real Estate Fin. Group, 183 F.3d 97, 101 (2d Cir.1999) (treating plaintiffs’ receipt of proper notice under state statute as question of fact). Accordingly, any challenge to Smith’s receipt of adequate notice of the nature and consequences of summary judgment is without merit.
b. The ADA and the Rehabilitation Act
Smith submits that the district court erred in concluding that the record raised no material fact as to his alleged hearing impairment, the basis for his disability claims under the ADA and the Rehabilitation Act. We disagree. The record indicates that Smith frequently complained of hearing loss, that subjective hearing tests, which can be manipulated by a test-taker, indicated hearing loss, and that one audiologist recommended that Smith be given bilateral hearing aids. But objective hearing tests, which measure physiological responses of the inner ear to noise and cannot be manipulated by a test-taker, consistently demonstrated that Smith was not hearing impaired and thus needed no special accommodation. The objective test results, including a November 15, 2005 Stenger test,[1] the variation in Smith’s subjective tests, and observations of Smith engaging in conversational speech without the assistance of hearing aids, support the conclusions of a number of audiologists that Smith’s claimed hearing loss was feigned. Because both the ADA and the Rehabilitation Act require that an individual demonstrate a physical or mental impairment to be deemed to have a “disability,” see 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(1), and because Smith failed to adduce sufficient evidence to permit a jury to make such a finding, the district court properly awarded the DOCS defendants summary judgment on these claims.
c. Medical Malpractice
Smith’s challenge to the district court’s award of summary judgment to WMC on his medical malpractice claims is also without merit. To establish a prima *508 facie case of medical malpractice under New York law, a plaintiff must adduce expert opinion of a deviation from accepted standards of medical care proximately causing injury. See Hytko v. Hennessey, 62 A.D.3d 1081, 1083-84, 879 N.Y.S.2d 595, 598 (3d Dep’t 2009); see also Silts v. United States, 811 F.2d 736, 739 (2d Cir.1987). Expert testimony is required even when a medical malpractice action is based on lack of informed consent. See Gardner v. Wider, 32 A.D.3d 728, 730, 821 N.Y.S.2d 74, 76 (1st Dep’t 2006). Apart from his own conclusory allegations, Smith adduces no evidence — much less expert evidence— suggesting that WMC’s decision to treat his dislocated jaw with bilateral manipulation rather than an eminectomy constituted a departure from accepted standards of medical care, or that his consent to the bilateral manipulation was qualitatively insufficient. In view of WMC’s submission of expert opinion that its treatment of Smith fell within accepted standards, and that there was no medical basis for deeming that treatment the proximate cause of Smith’s alleged injuries, Smith has plainly failed to demonstrate the existence of any genuine issue of material fact rendering the award of summary judgment in this case inappropriate. See, e.g., Alvarez v. Prospect Hosp., 68 N.Y.2d 320, 324, 508 N.Y.S.2d 923, 501 N.E.2d 572 (1986).
2. Rule 60(b) Relief
Smith argues that the district court erred in denying his motion for relief pursuant to Fed.R.Civ.P. 60(b) and his subsequent motion for reconsideration of that denial in light of new evidence that he had recently been diagnosed with a hearing impairment, that DOCS had furnished him with hearing aids, and that he was scheduled to undergo jaw surgery. We review a district court’s denial of a motion for reconsideration for abuse of discretion, see Barcia v. Sitkin, 367 F.3d 87, 99 (2d Cir.2004), and we identify none in this case.
Under Rule 60, a court may relieve a party from a final judgment based on “newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).” Fed.R.Civ.P. 60(b)(2). Here, however, because most of the evidence of Smith’s purportedly new diagnosis and his receipt of hearing aids was available to him at least several months prior to the district court’s publication of its March 2008 opinion, and in some cases at the time defendants initially served their motions on him, the evidence cannot be considered “new.” While some evidence of Smith’s alleged re-diagnosis postdates the March 2008 opinion, that evidence is irrelevant, as it does not establish that Smith suffered from.a hearing impairment during the time period alleged in his complaint.[2]
3. Conclusion
We have considered Smith’s remaining arguments and conclude that they are without merit. For the forgoing reasons, the district court’s order is AFFIRMED.

. The Stenger test is a hearing test designed to reveal malingering. Smith’s November 15, 2005 Stenger test results were positive.

. The evidence of Smith's planned jaw surgery is also irrelevant, as it in no way establishes that WMC’s decision to perform a bilateral manipulation contravened accepted standards of medical care.