*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 7, 2016                          520176
_____

JACK KLUGMAN,

                    Appellant,

        v
                                            MEMORANDUM AND ORDER

VICKI LAFOREST, as Personal
    Representative of JUDITH
    POUST, Deceased,
                    Respondent.
_____

Calendar Date:   February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Niles & Bracy, PLLC, Plattsburgh (John M. Crotty of
counsel), for appellant.

        Law Offices of MaryAnne Bukolt-Ryder, Plattsburgh (MaryAnne
Bukolt-Ryder of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Ryan, J.),
entered October 24, 2014 in Clinton County, which, among other
things, granted defendant's motion for a trial order of
dismissal.

        After Judith Poust (hereinafter decedent) ended the
romantic relationship she had with plaintiff, he initiated this
action seeking a one-half interest in the real property that he
had been forced to vacate as a result of the end of their

relationship.[1]  Approximately five years prior, plaintiff had executed a quitclaim deed transferring all of his interest in that property — as a then-joint tenant with rights of survivorship — to decedent, resulting in her fee simple ownership of the property.  Plaintiff alleged in his complaint that he was entitled to, among other things, the recovery of that interest or to damages based on theories of constructive trust and unjust enrichment.  At trial, after the close of plaintiff's case, Supreme Court granted defendant's motion for a trial order of dismissal.  Plaintiff appeals, and we affirm.

Supreme Court properly precluded plaintiff from testifying about his discussions with decedent regarding the transfer of property because such testimony was inadmissible pursuant to the Dead Man's Statute.  The Dead Man's Statute "'precludes a party or person interested in the underlying event from offering testimony concerning a personal transaction or communication with the decedent'" (Miller v Lu-Whitney, 61 AD3d 1043, 1045 [2009], quoting Matter of Rosenblum, 284 AD2d 820, 821 [2001], lv denied 97 NY2d 604 [2001]; see CPLR 4519).  Because this rule is intended to provide a decedent's estate with a shield but not a sword, however, the protection is waived if the estate's representative elicits testimony from an interested party that would otherwise fall within the statute's bar, that is, testimony "concerning a personal transaction or communication between the witness and the deceased person" (CPLR 4519; see Matter of Wood, 52 NY2d 139, 145 [1981]).  When defendant asked plaintiff a question regarding the legal advice that he had received from an attorney regarding the consequences of transferring his interest in the real property to decedent, she did not elicit testimony from him regarding a "personal transaction or communication between [him] and [decedent]" (CPLR 4519).  Because defendant did not elicit proof that would otherwise fall within the ambit of the Dead Man's Statute, plaintiff was not entitled to disregard that statute's bar based on a waiver (see CPLR 4519; Matter of Garland 97 NYS2d 442, 445 [Sur Ct, Westchester County 1950]; Matter of Walker, 177 Misc 991, 993 [Sur Ct, New York County 1941]).

---

[1]  Decedent died during the pendency of this action.

Supreme Court also properly granted defendant's motion for a trial order of dismissal. A motion for a trial order of dismissal "pursuant to CPLR 4401 is appropriate when, viewing the evidence in a light most favorable to the nonmoving party and affording such party the benefit of every inference, there is no rational process by which a [factfinder] could find in favor of the nonmovant" (Hytko v Hennessey, 62 AD3d 1081, 1083 [2009]; accord Peluso v C.R. Bard, Inc., 124 AD3d 1027, 1028 [2015]). A constructive trust requires "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; see Johnson v Lih, 216 AD2d 821, 822-823 [1995]). Finally, "[a] person or entity is unjustly enriched 'when retention of the benefit received would be unjust considering the circumstances of the transfer and the relationship of the parties'" (Kain Dev., LLC v Krause Props., LLC, 130 AD3d 1229, 1235 [2015], quoting Enzien v Enzien, 96 AD3d 1136, 1139 [2012]). Notably, New York law recognizes that it is natural for parties who cohabitate and/or who are romantically involved to provide gratuitous services to one another (see Morone v Morone, 50 NY2d 481, 488 [1980]; see generally Moak v Raynor, 28 AD3d 900, 903 [2006]).

Because of the Dead Man's Statute, the record is devoid of evidence regarding plaintiff's communication or transaction with decedent in transferring all of his interest in the property to her. Plaintiff was the sole witness for his case, and his testimony revealed that, at the time he gave decedent that interest, they had been a cohabitating couple for approximately a decade. Plaintiff acknowledged that he had received legal advice prior to making the property transfer to decedent, and he further admitted that, based on an attorney's advice, he understood that he was giving up all "right, title and interest" in the property by transferring his interest to decedent.

Plaintiff's remaining testimony, however, was not entirely consistent with that alleged understanding. Plaintiff described a will that he had created years prior to this transfer that he alleged dictated by its terms that, upon decedent's death, plaintiff's family "would get 50 percent of the sale [of the property]." He further explained that he believed that, as to

his intention to benefit his family in this manner, his "will stood regardless" of his transfer of his entire interest in the property to decedent.  Further evidence revealed that, at the time of the transfer, decedent had a will – also executed years earlier – that made certain bequests to plaintiff's children.  At a point after plaintiff transferred the property, decedent modified her will and those children were no longer beneficiaries pursuant to that modified will.  Plaintiff acknowledged that he and decedent had no agreement that decedent's prior will would remain in effect.  There is no proof in the record indicating that decedent encouraged the transfer of the property interest to her.

Considering the trial evidence, no rational factfinder could find that plaintiff met his burden of establishing that decedent made an express or implied promise to maintain plaintiff's children as beneficiaries of her estate, that plaintiff made a transfer in reliance on that alleged promise or that decedent was unjustly enriched.  First addressing the promise element, plaintiff explicitly testified that he did not have any agreement with decedent regarding her continuing to maintain his children as beneficiaries of her will.  Further, the only evidence connecting the transfer of property with a will was plaintiff's testimony regarding his subjective understanding that decedent would be required to bequeath the property to plaintiff's children as a result of the terms of his own will.  Accordingly, in the absence of an actual promise on decedent's part or any facts that could allow a factfinder to conclude that plaintiff's transfer was instinct with obligation related to decedent's prior will, plaintiff failed, as a matter of law, to establish a promise.

Even assuming that there was a promise, plaintiff's testimony leads to a single reasonable conclusion that plaintiff did not rely on such a promise in making the transfer.  According to plaintiff's testimony, he believed – albeit incorrectly – that his will would dictate that decedent bequest an interest in the property to his children, despite the fact that he had transferred all his interest in the property.  Plaintiff never testified that he relied on a promise by decedent to maintain the bequests in her prior will, which is unsurprising given that,

according to his logic, such a promise would be unnecessary. Accordingly, given plaintiff's testimony that he believed that he had legally secured the bequest related to the property through his own will, no reasonable factfinder could conclude that he transferred the property as a result of his reliance on a promise that decedent would maintain her then-existing will.

Finally, decedent was not unjustly enriched by either the transfer of the property or by plaintiff's subsequent contributions to its upkeep while he lived there. Plaintiff gave decedent his interest in the property and made his subsequent contributions to it only after seeking out and receiving the correct legal advice that he would have no legal right, title or interest in that property after it was transferred. Equity and good conscience permit decedent's estate to retain the gifts that plaintiff gave decedent, regardless of the fact that she did not make bequests to plaintiff's children and the fact that, years after the transfer of the property, she decided to end her relationship with plaintiff. Plaintiff's ongoing contributions to the property for the remainder of the years that he resided there — which amounted to approximately $10,000 a year when viewed in the light most favorable to plaintiff — do not lead to a different result. Plaintiff failed to put forward any proof that could establish that those amounts led to decedent's enrichment — let alone a rationally discernable amount of enrichment — by being above and beyond maintenance costs associated with his own use of the property (see Rossignol v Silvernail, 222 AD2d 939, 940 [1995]; see generally Wilson v La Van, 22 NY2d 131, 135 [1968]). Plaintiff's remaining contentions are also without merit.

Egan Jr., Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court