No. 21-711
*Moore v. Shahine*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

SERINA ANGELLICA MOORE,

> *Plaintiff-Appellant,*

> > v.                                                                No. 21-711

AYMAN A. SHAHINE, M.D.,

> *Defendant-Appellee.*

_____

FOR APPELLANT:                     ANDREW LAVOOTT BLUESTONE, Esq.,
                                   New York, NY.

FOR APPELLEE:                      JUAN C. GONZALEZ, Rubin Paterniti
                                   Gonzalez Rizzo Kaufman, LLP, New
                                   York, NY.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 4, 2021, is **AFFIRMED**.

Serina Angellica Moore, acting *pro se*, filed a medical malpractice action against Dr. Ayman Shahine stemming from a 2015 cosmetic surgery procedure performed on her by Dr. Shahine. Moore, now represented by counsel, appeals from the district court's entry of summary judgment for Dr. Shahine on Moore's New York state law claims of medical malpractice, lack of informed consent, and violation of her right of privacy. The district court ruled, among other things, that summary judgment was appropriate because Moore did not support her medical malpractice and lack of informed consent claims with expert medical evidence, as required by New York law. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *Sousa v. Marquez,* 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Simsbury-Avon Pres. Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). Thus, "the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial," and "[c]onclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003) (internal quotation marks and ellipsis omitted).

For substantially the reasons stated by the district court in its well-reasoned opinion, *see Moore v. Shahine*, No. 18CIV463ATKNF, 2021 WL 827694 (S.D.N.Y. Mar. 4, 2021), we conclude that Dr. Shahine is entitled to summary judgment, and we affirm the judgment of the district court. Under New York law, to establish a prima facie case of medical malpractice a plaintiff must, except in rare cases, adduce "expert testimony that there was a deviation from accepted standards of medical care and that such deviation was the proximate cause of the injury." *Hytko v. Hennessey*, 879 N.Y.S.2d 595, 598 (3d Dep't 2009); *see also Sitts v. United States*, 811 F.2d 736, 739 (2d Cir. 1987) ("It is well established in New York law that unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a prima facie case of malpractice." (internal quotation marks omitted)). The law requires such expert testimony even when a medical malpractice claim is based on the absence of informed consent. *See Gardner v. Wider*, 821 N.Y.S.2d 74, 76 (1st Dep't 2006) ("[A] plaintiff's claim for medical malpractice based on lack of informed consent must be dismissed if the plaintiff fails to adduce expert testimony establishing that the information disclosed to the patient about the risks inherent in the procedure is qualitatively inadequate.").

In her handwritten response to Dr. Shahine's motion for summary judgment, Moore provides no sworn evidence, let alone expert evidence, to support her malpractice claims or to contradict the conclusion of Dr. Shahine's expert, Dr. Theodore Diktaban, that the procedure followed by Dr. Shahine for obtaining Moore's informed consent was "[i]n accordance with good and accepted medical practice." App'x at 195.[1] She does not aver that

[1] Moore argues that Dr. Diktaban based his analysis and conclusions on data that do not satisfy the standards for the admission of expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. Although Moore states in her response to Dr. Shahine's motion for summary judgment that Dr. Shahine must have falsified some of her medical records, she notably did not claim that he falsified her consent forms. Indeed, she acknowledged signing the consent forms and did not question their veracity. Thus, even if we were to interpret Moore's *pro se* submissions before the district court liberally, she did not raise a *Daubert* challenge pertinent to the single informed-consent claim that she pursues on appeal. *See Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000) (ruling that an argument not raised in the district court is ordinarily waived). Moreover, even assuming *arguendo* that Moore had preserved her *Daubert* challenge, that challenge would fail on the merits for the same reason: because Moore does not contest the veracity of the consent paperwork, there is no colorable argument that Dr. Diktaban based his opinion as to

3

her signatures on the multipage consent documents were falsified or otherwise invalid. Moore's *pro se* status in the district court does not excuse her evidentiary failure. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (explaining that the mere fact that a litigant is *pro se* "does not relieve plaintiff of [her] duty to meet the requirements necessary to defeat a motion for summary judgment." (internal quotation marks omitted)). In the absence of expert medical evidence supporting her claims, Moore has failed to demonstrate the existence of a genuine issue of material fact that would preclude entry of summary judgment against her.[2]

* * *

We have considered Moore's remaining arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

Dr. Shahine's consent procedure on falsified documentation. Rather, Dr. Diktaban's opinion makes clear that he considered the consent paperwork in addition to Moore's own testimony before concluding that Dr. Shahine followed "good and accepted medical practice" in obtaining Moore's consent. App'x at 195.

[2] We do not address the district court's dismissal of Moore's claim for violation of her right to privacy because she does not raise the issue on appeal. *See Bozeman v. United States*, 780 F.2d 198, 199 n.4 (2d Cir. 1985) ("[Plaintiff] did not raise or brief that issue in this appeal and we therefore treat that claim as abandoned.").